Approved: _____
JIM LIGTENBERG
Assistant United States Attorney

Before: THE HONORABLE VALERIE FIGUEREDO
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

JOSEPH MITCHELL,

           Defendant.

- - - - - - - - - - - - - - - - - x

**22 MAG 7686**

**COMPLAINT**

Violation of 18 U.S.C. §§ 922(g)(1) and 2

COUNTY OF OFFENSE: NEW YORK

SOUTHERN DISTRICT OF NEW YORK, ss.:

    CHRISTOPHER DERCO, being duly sworn, deposes and says that he is a Detective with the New York City Police Department, and charges as follows:

COUNT ONE

    1. On or about October 10, 2020, in the Southern District of New York, JOSEPH MITCHELL, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess ammunition, to wit, a .25 caliber shell casing, and the ammunition was in and affecting commerce.

    (Title 18, United States Code, Sections 922(g)(1) and 2.)

    The bases for my knowledge and for the foregoing charge are, in part, as follows:

    2. I am a Detective with the New York City Police Department and a member of the Manhattan North Violent Crime Squad, and I have been personally involved in the investigation of this matter. I base this affidavit on that personal experience, as well as on my conversations with other law enforcement officers, and my examination of various reports and records. Because this affidavit is being submitted for the

limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Based on my conversations with other law enforcement officers and my review of police reports, I know that, on or about October 10, 2020, at approximately 12:55 a.m., officers responded to an alert of suspected shots fired near 467 West 125th Street, New York, New York. The officers canvassed the area and discovered a man who had been shot in the ankle. The victim was transported to the hospital where he was treated for the gunshot wound. Police officers also discovered a .25 caliber shell casing on the ground in front of 467 West 125th Street.

4. Law enforcement officers then obtained surveillance footage from the vicinity of 467 West 125th Street. Based on my review of this footage, I have learned the following:

   a. On or about October 10, 2020, at approximately 12:55 a.m., a man wearing a black Gap sweatshirt and a black cap with a white Philadelphia 76ers logo appeared to fire two shots at another man in front of 467 West 125th Street, following some sort of verbal altercation. The bullets did not appear to hit the man involved in the verbal altercation. (As discussed above, one bullet apparently hit a bystander, but that is not captured on the video.) Below are still images of the shooter that were captured by a surveillance camera prior to the shooting:







b.  Following the shooting, the man wearing the black Gap sweatshirt and the black cap with the white Philadelphia 76ers logo ran away and entered the apartment building located at 1315 Amsterdam Avenue.

5.  Based on my review of police records, I know that JOSEPH MITCHELL, the defendant, has, on numerous occasions, reported to police that he lives at an apartment within 1315 Amsterdam Avenue.  In addition, based on my review of court records, I know that, on or about November 29, 2020, in connection with a pretrial release assessment for another case, MITCHELL likewise reported his address as an apartment within 1315 Amsterdam Avenue.

6.  Based on my review of the surveillance footage, my review of police file photographs of JOSEPH MITCHELL, the defendant (as depicted below), my in-person interactions with MITCHELL, and my training and experience, I believe that the man who fired the shots on or about October 10, 2020, in front of 467 West 125th Street, was JOSEPH MITCHELL.



7. On or about November 30, 2020, I sent the three above images of the man wearing the black Gap sweatshirt and black cap with a white Philadelphia 76ers logo to a Detective with the Utica Police Department who had previously arrested JOSEPH MITCHELL, the defendant, in or about 2016. Without mentioning MITCHELL or any other details, I asked the Detective if he recognized the man. The Detective stated that he recognized the man, and he identified the man as MITCHELL.

8. On or about July 15, 2022, another law enforcement officer and I interviewed JOSEPH MITCHELL, the defendant, inside of Lakeview Shock Prison in Brocton, New York. MITCHELL was advised of his Miranda rights and agreed to speak with us. During the interview, I showed MITCHELL photographs of the man who was wearing a black Gap sweatshirt and black cap with a white Philadelphia 76ers logo, who appeared to fire two shots at another man in front of 467 West 125th Street on or about October 10, 2020. MITCHELL identified the man as himself. MITCHELL also stated, in sum and substance, that he remembered the incident outside of 467 West 125th Street approximately two years ago, and that there was an argument followed by shots being fired. MITCHELL further stated, in sum and substance, that after the shots were fired, he ran into his residence at 1315 Amsterdam Avenue.

9. Based on my conversation with an agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives and my review of a report prepared by that agent, I know that the .25 caliber shell casing that was found on the ground in front of 467 West 125th Street on or about October 10, 2020 was manufactured outside New York State.

10. Based on my review of criminal history records, I have learned the following:

   a. On or about December 3, 2002, JOSEPH MITCHELL, the defendant, was convicted, pursuant to a guilty plea, of criminal possession of a controlled substance in the fourth degree, in violation of New York Penal Law § 220.09, a felony, which is punishable by more than one year of imprisonment.

   b. On or about October 7, 2005, MITCHELL was convicted, pursuant to a guilty plea, of assault with a dangerous weapon, in violation of District of Columbia Code § 22-502, a felony, which is punishable by more than one year of imprisonment, and sentenced to 18 months' imprisonment.

   c. On or about June 22, 2006, MITCHELL was convicted, pursuant to a guilty plea, of multiple counts of armed robbery, in violation of District of Columbia Code §§ 22-2901, 3202, a felony, which is punishable by more than one year of imprisonment, and sentenced to multiple terms of 6 years' imprisonment, for an aggregate sentence of 12 years' imprisonment.

   d. On or about May 15, 2017, MITCHELL was convicted, pursuant to a guilty plea, of forgery in the second degree, in violation of New York Penal Law § 170.10, a felony, which is punishable by more than one year of imprisonment.

   e. On or about July 6, 2017, MITCHELL was convicted, pursuant to a guilty plea, of criminal possession of a controlled substance in the fifth degree, in violation of New York Penal Law § 220.06, a felony, which is punishable by more than one year of imprisonment.

   f. Based on my training and experience, I know that prior to pleading guilty in New York state court, it is standard practice for a defendant to be informed of the sentences that can be lawfully imposed for the crime to which he is pleading guilty.

   WHEREFORE, deponent respectfully requests that a warrant issue for the arrest of JOSEPH MITCHELL, the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

*Christopher Derco (by court with permission)*

CHRISTOPHER DERCO
Detective
New York City Police Department

Sworn to before me this
21st day of September, 2022

THE HONORABLE VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

6