UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,          :
                                                            :
            v.                                   :
                                                            :          22-CR-624 (VSB)
JOSEPH MITCHELL,                    :
                                                            :                **ORDER**
                              Defendant.   :
                                                            :
---------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

       On September 5, 2024, Defendant Joseph Mitchell was sentenced principally to a term of imprisonment of 90 months.  (Doc. 50.)  Before me is Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), filed on May 20, 2025.  (Doc. 56.)

       Section 3582(c)(2) allows a court to reduce the term of imprisonment of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  Defendant argues that his sentence should be reduced based on Amendment 821 to the United States Sentencing Guidelines, (*see* Doc. 56 at 1), which went into effect on November 1, 2023 and applies retroactively.

       As Defendant's sentencing took place on September 5, 2024, Amendment 821 was already in effect.  "Because Amendment 821 was already in effect, it is not a 'subsequent[ ]' amendment to the Sentencing Guidelines that can form the basis of a viable motion for retroactive sentencing reduction."  *United States v. Tejada*, 765 F. Supp. 3d 90, 91 (D. Mass. 2025) (quoting 18 U.S.C. § 3852(c)(2)); *see also United States v. Hickman*, No. 22-CR-20496, 2025 WL 1739362, at *2 (E.D. Mich. June 23, 2025) (finding that "[defendant] is not eligible for a reduced sentence based on Amendment 821" where "[defendant] was sentenced after Amendment 821 took effect, and therefore, he was sentenced under the new guidelines").  In

other words, Defendant "received the benefit of Amendment 821 at the time of his sentencing, and thus, he is not eligible for a reduction in his sentence on that basis." *Hickman*, 2025 WL 1739362, at *2.

It is hereby ORDERED that defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Defendant's motion is therefore DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at Doc. 56, and to mail a copy of this Order to Joseph Mitchell (Reg. No. 36834-007) at USP Florence – High, U.S. Penitentiary, P.O. Box 7000, Florence, CO 81226.

SO ORDERED.

Dated: September 17, 2025
       New York, New York

_____
Vernon S. Broderick
United States District Judge